No. 24-3863

### IN THE UNITED STATES COURT OF APPEALS
### FOR THE SIXTH CIRCUIT

**CHRISTINA HENRY**,

      Plaintiff-Appellant,

  -vs-

**SOUTHERN OHIO MEDICAL CENTER**,

      Defendant-Appellee.

On Appeal from the United States District Court for the Southern District of Ohio (No. 1:22-cv-00679)

---

### REPLY BRIEF OF PLAINTIFF-APPELLANT

---

Warner Mendenhall (0070165)
Brian Unger (0096884)
MENDENHALL LAW GROUP
190 North Union Street, Suite 201
Akron, Ohio 44304
(330) 535-9160
warner@warnermendenhall.com
brian@warnermendenhall.com

*Attorneys for Plaintiff-Appellant*
*Christina Henry*

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ............................................................... ii

TABLE OF AUTHORITIES ...................................................... iii

ARGUMENT ................................................................................1

  I.    Assignment of Error I: The District Court erred in granting summary judgment in SOMC's favor on Ms. Henry's failure-to-accommodate claim...............................................................1

     A.   Ms. Henry satisfies the *prima facie* case for her failure-to-accommodate claim...........................................................1

     i.    Ms. Henry's beliefs are religious...................................1

     ii.   Ms. Henry's beliefs conflict with nasopharyngeal testing, and SOMC was on notice of the conflict...............................6

     B.   Ms. Henry did not forfeit her challenge to the district court's erroneous factual finding about her religious beliefs, nor to the conclusions that rest on that erroneous factual finding.................11

     C.   SOMC failed its duty to reasonably attempt to accommodate Ms. Henry, which was triggered upon Ms. Henry's request for accommodation. ................................................................13

     D.   The district court erred in finding Ms. Henry's Affidavit was an attempt to create a sham issue of fact. ...........................................17

     E.   SOMC failed to establish undue hardship. ......................................19

     i.    SOMC admits its evidence regarding the turnaround time for saliva testing, and thus the district court's conclusion, rests on a hypothetical which cannot form the basis of a finding of undue hardship. ..........................................................19

     ii.   Ms. Henry does not present new facts in her argument against the district court's undue hardship finding. ..........................................21

  II.   Assignment of Error II: The District Court erred in granting summary judgment for SOMC on Ms. Henry's retaliation claim....22

  III.  Conclusion .........................................................................25

CERTIFICATE OF COMPLIANCE ..........................................27

CERTIFICATE OF SERVICE...................................................27

ii

TABLE OF AUTHORITIES

CASES                                                                      PAGE(S)

*Anderson v. Gen. Dynamics Convair Aerospace Div.*,
    589 F.2d 397 (9th Cir. 1978) ................................. 20

*Brown v. General Motors Corp.*, 601 F.2d 956 (8th Cir. 1979)............................ 19

*Brown v. Polk Cnty., Iowa*, 61 F.3d 650 (8th Cir. 1995)........................................20

*Chinnery v. Kaiser Found. Health Plan of the Mid-Atl. States, Inc.*,
    No. 1:23CV1110 (DJN), 2024 WL 3152348
    (E.D. Va. June 24, 2024)................................................................10

*DeVore v. Univ. of Kentucky Bd. of Trustees*, 118 F.4th 839
    (6th Cir. 2024)................................................................ 7, 8, 9, 14

*E.E.O.C. v. Alamo Rent-A-Car LLC*, 432 F. Supp. 2d 1006
    (D. Ariz. 2006) ................................................................ 20

*E.E.O.C. v. Arlington Transit Mix, Inc.*, 957 F.2d 219
    (6th Cir. 1991)................................................................ 14

*E.E.O.C. v. Robert Bosch Corp.*, 169 F. App'x 942 (6th Cir. 2006) .......... 13, 14, 16

*E.E.O.C. v. Texas Hydraulics, Inc.*, 583 F. Supp. 2d 904
    (E.D. Tenn. 2008) ................................................................ 13, 14, 16

*E.E.O.C. v. Union Independiente de la Autoridad de Acueductos y
    Alcantarillados de Puerto Rico*, 279 F.3d 49 (1st Cir. 2002)............................4, 5

*Ellison v. Inova Health Care Servs.*, 730 F. Supp. 3d 221
    (E.D. Va. 2024)................................................................9

*Great W. Cas. Co. v. Flandrich*, 605 F. Supp. 2d 955
    (S.D. Ohio 2009)................................................................ 18

*Hernandez v. Comm'r*, 490 U.S. 680 (1989) ............................................................3

iii

*Hurley v. Varian Med. Sys.*, No. 23-CV-42, 2024 WL 2368438
(E.D. Wis. May 23, 2024) .......................................................................4

*Kizer v. St. Jude Children's Rsch. Hosp.*, No. 24-5207,
2024 WL 4816856 (6th Cir. Nov. 18, 2024) .................................. 3, 15

*Leah Prida v. Option Care Enterprises, Inc., et al.*, No. 23-3936
(6th Cir. Feb. 11, 2025)............................................................... 4, 7, 10

*Lucky v. Landmark Med. of Michigan, P.C.*, 103 F.4th 124
(6th Cir. 2024)...........................................................................4, 10

*Montell v. Diversified Clinical Servs., Inc.*, 757 F.3d 497
(6th Cir. 2014).............................................................................. 22

*Prida v. Option Care Enters.*, No. 5:23-cv-00905
(N.D. Ohio Oct. 24, 2023) .......................................................4, 7

*Smith v. Pyro Min. Co.*, 827 F.2d 1081 (6th Cir. 1987) .............................. 1, 14, 19

*Sturgill v. Am. Red Cross*, 114 F.4th 803 (6th Cir. 2024) ................................. 4, 10

*Stynchula v. Inova Health Care Servs.*,
No. 1:23-CV-01629-MSN-LRV, 2024 WL 4830578
(E.D. Va. Nov. 19, 2024) .......................................................................9

*Thomas v. Rev. Bd. of the Ind. Emp. Sec. Div.*, 450 U.S. 707 (1981)................... 2, 3

*Toledo v. Nobel-Sysco, Inc.*, 892 F.2d 1481 (10th Cir. 1989) ................................ 19

*Tooley v. Martin-Marietta Corp.*, 648 F.2d 1239 (9th Cir. 1981)................... 19, 20

*United States v. Ballard*, 322 U.S. 78 (1944) .............................................2

*United States v. Seeger*, 380 U.S. 163 (1965)...........................................2

*Williams v. William Beaumont Hosp.*, No. 06-12465,
2007 WL 4455023 (E.D. Mich. Dec. 14, 2007) ........................................... 22, 23

iv

Statutes:

42 U.S.C. § 2000e(j) ................................................................. 13

42 U.S.C. § 12112(b)(5)(A) ....................................................... 13

Rules:

Fed. R. App. P. 32(a)(7)(B) ........................................................27

Fed. R. App. P. 32(f) ..................................................................27

Regulations:

29 C.F.R. § 1605.2(c)(1) .............................................................13

29 C.F.R. § 1630.2(o)(3) .............................................................16

# ARGUMENT

I. **Assignment of Error I: The District Court erred in granting summary judgment in SOMC's favor on Ms. Henry's failure-to-accommodate claim.**

## A. Ms. Henry satisfies the *prima facie* case for her failure-to-accommodate claim.

To establish a *prima facie* case, a plaintiff must show that: (1) she holds a sincere religious belief that conflicts with an employment requirement; (2) she has told the employer about the conflicts; and (3) she was discharged or disciplined for failing to comply with the conflicting employment requirement. *Smith v. Pyro Mining Co.*, 827 F.2d 1081, 1085 (6th Cir. 1987).

### i. Ms. Henry's beliefs are religious.

The district court did not rule on Ms. Henry's religious beliefs. Since the Court's review is *de novo*, however, Ms. Henry will address SOMC's arguments, though this issue does not appear to be properly before the Court on this appeal.

Ms. Henry believes that the body is the temple of the Holy Spirit, that substances in Covid-19 tests and the vaccine are possibly harmful to the body, and that Christinas such as herself are called to protect the body. Henry Aff., R. 25-1, at ¶ 4, Page ID # 633; Blankenship Aff., R. 21-3, at Ex. B, Page ID # 263. Specific to testing, Ms. Henry stated her Christian beliefs do not allow her to be "assaulted by a foreign body being inserted into my nasal passages (i.e., covid test) as my body is a temple of the Holy Spirit and is to remain pure. Id. Ms. Henry later

clarified that the potential for harm presented by nasopharyngeal testing is what violates her religious beliefs. Henry Aff., R. 25-1, at ¶ 4, Page ID # 633

Defendants challenge the religiosity of Ms. Henry's beliefs, attempting to separate religious beliefs from "medical reasons" for declining nasopharyngeal testing, asserting further that healthy living cannot be part of a valid religious belief. However, the Supreme Court has cautioned that religious practitioners may not have their beliefs rendered "suspect before the law," because faiths that are "incomprehensible" to some "are as real as life" to others. *United States v. Ballard*, 322 U.S. 78, 86 (1944). Decades later, the Court explained that if a plaintiff's sincerely held beliefs are "religious" in her "own scheme of things," then that ends the judicial inquiry. *United States v. Seeger*, 380 U.S. 163, 184–85 (1965). More decades later, the Court held that whether a particular belief is religious cannot "turn upon [ ] judicial perception[s]." *Thomas v. Rev. Bd. of the Ind. Emp. Sec. Div.*, 450 U.S. 707, 714 (1981). *Thomas* admonished the lower court for delineating between a "personal philosophical choice" and "a religious choice" and explained that the "narrow" role for a district court "is to determine whether ... the [plaintiff ... [holds] an honest conviction." *Id.* at 714, 716. Years later, the Court concluded, "It is not within the judicial ken to question the centrality of particular beliefs or practices to a faith, or the validity of particular litigants' interpretations of

those creeds." *Hernandez v. Comm'r*, 490 U.S. 680, 699, 109 S. Ct. 2136, 2148, 104 L. Ed. 2d 766 (1989), citing *Thomas*.

Recently, in *Kizer v. St. Jude Children's Rsch. Hosp.*, No. 24-5207, 2024 WL 4816856 (6th Cir. Nov. 18, 2024), this Court agreed the plaintiff established her prima facie case because "Defendant[ ] ... assumed that all employees who requested religious accommodations held sincere religious beliefs." *Id.*, at *2. Similarly, here nobody at SOMC questioned or opposed the religious nature of Ms. Henry's request. Nor should the Court.

At this point on the factual record SOMC has no room to argue it considered Ms. Henry's beliefs to be nonreligious or insincere. Ms. Bryan testified that she thought Ms. Henry's "request was very sincere." Id., at p. 40, Page ID #566. Mr. Applegate confirmed that he believed Ms. Henry's professed beliefs were sincere. Applegate Dep., R. 21-5, at p. 18, Page ID # 395. Ms. Blankenship similarly confirmed that she did not challenge, nor have reason to challenge, the religious basis of Ms. Henry's request. Blankenship Dep., R. 21-11, at p. 25, Page ID # 501. Further, SOMC accepted Ms. Henry's request insofar as it concerned the Covid-19 vaccine, and it is apparent that Ms. Henry applies the same core religious doctrine to prohibition of Covid-19 vaccination and nasopharyngeal tests. See Blankenship Aff., R. 21-3, Ex. B, Page ID # 263. It is also apparent that SOMC's purported

challenge to the sincerity of Ms. Henry's beliefs is a challenge to the religious validity of Ms. Henry's beliefs, against Supreme Court precedent.

SOMC tries to distinguish this case from *Lucky v. Landmark Med. of Michigan, P.C.*, 103 F.4th 124 (6th Cir. 2024) and *Sturgill v. Am. Red Cross*, 114 F.4th 803 (6th Cir. 2024) since those decisions overturned orders granting motions to dismiss and this appeal involves summary judgment. Yet, only one of the eight cases defendant cites (seven out-of-Circuit) was on a motion for summary judgment, and did not grant summary judgment against the plaintiff.[1] [2] That case is *Hurley v. Varian Med. Sys.*, No. 23-CV-42, 2024 WL 2368438 (E.D. Wis. May 23, 2024), where the court denied both the defendant's and plaintiff's motions for summary judgment, including on the issue of sincerely held religious beliefs and undue hardship as neither could establish the plaintiff's beliefs were or were not religious as a matter of law. *Id.*, at *8. This aligns with earlier holdings affirming that sincerity is a credibility issue for the jury and is rarely appropriate for summary judgment. See *E.E.O.C. v. Union Independiente de la Autoridad de*

---

[1]   See Appellee Brief at pp. 29-31, citing eight cases against Ms. Henry, five of which are decisions on a motion to dismiss, one of which is a decision on a preliminary injunction, and one of which is *Hurley*, as discussed above.

[2]   The only in-Circuit case SOMC relies on is *Prida v. Option Care Enters.*, No. 5:23-cv-00905 (N.D. Ohio Oct. 24, 2023), which was recently overturned. See *Leah Prida v. Option Care Enterprises, Inc., et al.*, No. 23-3936, (6th Cir. Feb. 11, 2025).

4

*Acueductos y Alcantarillados de Puerto Rico*, 279 F.3d 49, 56 (1st Cir. 2002) (holding, "Credibility issues such as the sincerity of an employee's religious belief are quintessential fact questions. As such, they ordinarily should be reserved for the factfinder at trial, not for the court at summary judgment." (internal quotations omitted)).

SOMC presented no factual evidence suggesting Ms. Henry's beliefs are insincere or not truly held. The only evidence about the sincerity and religiosity of Ms. Henry's beliefs are Ms. Henry's statements and the admissions of SOMC personnel that they either considered Ms. Henry's beliefs sincere and religious or did not challenge her beliefs on either basis.[3] Nor can SOMC mount a legal challenge against Ms. Henry's beliefs as these determinations are not issues of law but issues of fact reserved to the jury.

On the record evidence, Ms. Henry's beliefs are religious, and for the reasons stated above, SOMC's challenge to the same must fail.

---

[3]    SOMC decided not to ask Ms. Henry to explain her beliefs at deposition nor whether she would similarly object to nasopharyngeal testing on a secular basis. There is likewise no support in the record for SOMC to assert "If Henry were to abandon her religious belief that 'my body is the temple of the Holy Spirit,' she would still object to submitting to a culture sample collection method that she believes risks breaking her blood-brain barrier." Appellee Brief at p. 30. SOMC cites no portion of the record for this assertion, and like SOMC's purported "understanding" of Ms. Henry's beliefs this too is a factually unsupported fabrication to fit its legal argument. This assertion, and the "converse" SOMC discusses are baseless and should be disregarded.

### ii.     Ms. Henry's beliefs conflict with nasopharyngeal testing, and SOMC was on notice of the conflict.

The district court did not find Ms. Henry's stated beliefs did not conflict with SOMC's nasopharyngeal testing requirement, nor that SOMC was not on notice of the conflict. The Court should not consider this argument. However, Ms. Henry will address SOMC's argument should the Court determine the issue.

SOMC admits all that is required of the second prong of the *prima facie* case is notice of the conflict between her beliefs and the employment requirement. Appellee Brief at p. 33. SOMC was on notice that Ms. Henry's objections to testing related to nasopharyngeal testing. SOMC cannot honestly claim Ms. Henry's written request made "no distinction between different types of tests" when within that request she unequivocally objects to the insertion of a potentially harmful substance into her nasal passage. Blankenship Aff, R. 21-3, Ex. B, Page ID # 263 (introducing Ms. Henry's request, stating "My sincerely-held Christian beliefs DO NOT ALLOW ME to: […] be assaulted by a foreign body being inserted into my nasal passage (i.e., covid test) as my body is the temple of the Holy Spirit and is to remain pure […] Substances in the test and vaccine are possibly harmful to the human body, and we are called to protect the body […]"). Ms. Henry confirmed this in her Affidavit. Henry Aff., R. 25-1, at ¶ 4, Page ID # 633. Ms. Henry's conversation with Ms. Bryan is further proof that SOMC was on notice of her beliefs, though this conversation was only for Ethics Committee

6

review and played no role in determining whether accommodation could be offered to Ms. Henry.[4] Bryan Dep., R. 21-12, at p. 20, Page ID # 546.

It appears SOMC argues less that it was not on notice of the clear writing, but that based on other cases decided against religious plaintiffs so too should this one be. However, none of the cases SOMC cites are comparable.

First, SOMC cites *Prida v. Option Care Enters.*, No. 5:23-cv-00905 (N.D. Ohio Oct. 24, 2023), which was recently overturned. See *Leah Prida v. Option Care Enterprises, Inc., et al.*, No. 23-3936, (6th Cir. Feb. 11, 2025).

SOMC then cites *DeVore v. Univ. of Kentucky Bd. of Trustees*, 118 F.4th 839 (6th Cir. 2024), but there are material differences between this case and *DeVore*. Like Ms. Henry, the plaintiff in *DeVore* stated nasopharyngeal testing was invasive and dangerous and "repeated testing can damage the first line of defense God created mankind with …" *Id.*, at 843. Unlike SOMC, however, after receiving the plaintiff's request the University of Kentucky offered the plaintiff an oral swab or a saliva test. The plaintiff in *DeVore* further objected to those tests as manipulative and coercive. Though, the plaintiff admitted in deposition that there

---

[4]    SOMC submitted no exhibits to Ms. Henry's deposition in support of summary judgment. SOMC claims Ms. Henry verified Ms. Bryan's purported notes about her call with Ms. Henry but Exhibit 10 of Ms. Henry's deposition is not part of the record. Regardless, the call was not about whether Ms. Henry would take a different test. Ms. Bryan admitted she has no knowledge if SOMC offered other tests as she is "not involved in that." Bryan Dep., R. 21-1, p. 46, Page ID # 572.

"was no invasiveness regarding the saliva test." *Id*. The Court found the plaintiff

failed to connect her objections to oral swab and saliva tests to her religious

beliefs. *Id*., at 848.[5]

It is important to remember that SOMC cites *DeVore* for the proposition that

it was not on notice of the conflict between Ms. Henry's religious beliefs and her

objections to nasopharyngeal testing. Though, the Court in *DeVore*, and the

defendant, accepted that the plaintiff's nasopharyngeal testing objection was

sincere and connected to her religious beliefs to keep her body free from harm. The

issue in *DeVore* came when the plaintiff failed to notify the defendant or the Court

of her religious objections to the saliva test or the oral swab tests. SOMC fails to

explain how this case is like *DeVore* given Ms. Henry clearly wrote in her

accommodation request that her religion prevents her from being assaulted by a

foreign body in the nasal passage and that substances in the test are potentially

harmful. Further, that the defendant in *DeVore* offered alternatives including saliva

testing distinguishes this case from *DeVore*. SOMC cannot assert the same

argument nor that this Court should come to the same conclusion because SOMC

---

[5]     The Court also took issue with the fact that the plaintiff supplied no affidavit
further explaining her beliefs and their conflict with the policy, entered none
of her own deposition testimony to the record, and never identified her
religion. Unlike the plaintiff in *DeVore*, Ms. Henry clearly identified her
religion as Christian, and submitted an affidavit explaining her beliefs and
explaining that she would have accepted alternative testing.

did not offer Ms. Henry an alternative, though Ms. Henry states she would have accepted alternative tests. *DeVore* does not support SOMC's argument.

SOMC's other cited cases, exclusively from the Eastern District of Virginia, are not like this case, though they share similarities with each other and with *DeVore* because alternatives were offered to the plaintiff. For example, in *Stynchula v. Inova Health Care Servs.*, No. 1:23-CV-01629-MSN-LRV, 2024 WL 4830578 (E.D. Va. Nov. 19, 2024), the plaintiffs opposed the Covid vaccine due to the use of aborted fetal cells in its development. When Novavax became available, however, the defendant offered the plaintiffs the opportunity to take that vaccine since the company manufacturing it claimed it did not use aborted fetal cells. The plaintiffs did not reassert their objection about fetal cells to Novavax, so the court ruled they did not connect their beliefs about fetal cells to Novavax. *Id.*, at *13. *Stynchula* did not rely on the absence of evidence that Novavax used fetal cells, but that the plaintiffs failed to reassert their objections to Novavax, the alternative the defendant offered to the plaintiffs.

Like *DeVore*, and unlike SOMC, the defendant in *Stynchula* offered the plaintiff an alternative it believed did not conflict with the plaintiffs' religious beliefs, and the plaintiff did not connect the stated beliefs to the alternatives. See also *Ellison v. Inova Health Care Servs.*, 730 F. Supp. 3d 221, 231 (E.D. Va. 2024) (similarly finding when the plaintiff was presented with the alternative to take

9

Novavax due to beliefs prohibiting vaccinations developed with fetal cells, and where defendant provided information stating Novavax did not use fetal cells, the plaintiff failed to show a conflict with Novavax).[6] Since SOMC offered Ms. Henry no alternative to nasopharyngeal testing, and since Ms. Henry objected to nasopharyngeal testing as founded on her Christian beliefs, SOMC's reliance on these out-of-Circuit decisions is misplaced.

The cases SOMC relies on do not aid its argument as the factual record shows Ms. Henry notified SOMC of the conflict between her beliefs and nasopharyngeal testing. Since the fact of notice is established here, that ends the inquiry as far as this argument is concerned. The rest of SOMC's argument about notice is a repackaging of its arguments against sincerity and religiosity, which for the reasons stated above also fail. SOMC was on notice of the conflict between Ms. Hery's beliefs and nasopharyngeal testing.

---

[6]   SOMC also cites *Chinnery v. Kaiser Found. Health Plan of the Mid-Atl. States, Inc.*, No. 1:23CV1110 (DJN), 2024 WL 3152348 (E.D. Va. June 24, 2024), a decision on a motion to dismiss, i.e., the same basis on which SOMC distinguishes *Lucky*, 103 F.4th 124 (6th Cir. 2024), and *Sturgill*, 114 F.4th 803 (6th Cir. 2024). Appellee Brief at pp. 31-32. In *Chinnery* the court dismissed a complaint under Rule 12 for failure to plausibly plead the Covid vaccines were impure in violation of her religious beliefs. As in the other cases relied upon by SOMC, *Chinnery* is not comparable with this case as Ms. Henry's writing put SOMC on notice of her beliefs. Further, *Chinnery* likely would not stand in this Circuit under *Lucky*, *Sturgill*, and *Prida*, No. 23-3936, (6th Cir. Feb. 11, 2025).

**B. Ms. Henry did not forfeit her challenge to the district court's erroneous factual finding about her religious beliefs, nor to the conclusions that rest on that erroneous factual finding.**

SOMC misconstrues the district court's factual finding and Ms. Henry's appeal. The issue is not whether Ms. Henry "could have been exempted from all forms of testing without an undue hardship," but whether the district court correctly characterized Ms. Henry's religious objection. Appellee Brief at p. 23. Ms. Henry directly challenges the district court's finding that her "objection was to all testing regardless of the type" as factual error. See Appellant Brief at pp. 27-29. This is not a new argument on appeal but a core challenge to the district court's mischaracterization of the factual record.

The scope of Ms. Henry's religious objection is a threshold factual determination that directly impacts the undue hardship analysis, making it central to this appeal and not waived. The district court's conclusion about "obvious threat" and undue hardship depends entirely on its erroneous finding that Ms. Henry objected to "testing, no matter the type." Since Ms. Henry's actual religious objection was narrower – limited to nasopharyngeal testing – then the "obvious threat" conclusion collapses.

SOMC tries to isolate the district court's undue hardship conclusion from its factual premise, suggesting Ms. Henry needed to separately appeal whether exemption from all testing would cause undue hardship. This artificially bifurcates

11

interrelated issues. Ms. Henry's challenge to the foundational factual finding necessarily encompasses a challenge to conclusions that rest on that finding.

Far from waiving arguments, Ms. Henry's opening brief addresses why alternative testing methods would not pose undue hardship. For example, Ms. Henry presents evidence that SOMC validated oropharyngeal and anterior nares tests on-site, evidence that SOMC provided alternatives to other employees, analysis of why a 48-hour turnaround time for saliva tests for one employee would not constitute substantial increased costs, and argument regarding why the district court's analysis of saliva testing as undue hardship conflicts with its finding that Ms. Henry objected to all testing no matter the type.[7] Appellant Brief at pp. 18-19, 27-33. These arguments directly respond to the district court's undue hardship analysis and were preserved throughout the litigation record.

SOMC's waiver argument misrepresents both the district court's reasoning and Ms. Henry's appeal, seeking to avoid addressing the substantive errors in the district court's analysis. Ms. Henry asserted the flaws in the district court's factual findings and waived no related argument.

---

[7]    Though SOMC did not sufficiently establish that it would take 48 hours to validate saliva tests, as explained below.

### C. SOMC failed its duty to reasonably attempt to accommodate Ms. Henry, which was triggered upon Ms. Henry's request for accommodation.

Whether SOMC reasonably attempted to accommodate Ms. Henry is a question for the jury. See *E.E.O.C. v. Robert Bosch Corp.*, 169 F. App'x 942, 944 (6th Cir. 2006). As further observed in *Robert Bosch Corp.*, it is improper to "put the question of accommodation on the shoulders of the [employee]." *Id.*, at 946. Unlike the Americans with Disabilities Act, which places the initial burden on the plaintiff to propose an accommodation and show the proposed accommodation is reasonable, Title VII puts the burden on the employer to "demonstrate[ ] that he is unable to reasonably accommodate to an employee's religious observance or practice without undue hardship on the conduct of the employer's business." *E.E.O.C. v. Texas Hydraulics, Inc.*, 583 F. Supp. 2d 904, 909 (E.D. Tenn. 2008), citing 42 U.S.C. § 12112(b)(5)(A), 42 U.S.C. § 2000e(j), 29 C.F.R. § 1605.2(c)(1) (after the employee has notified the employer of a religious conflict, the employer has a duty to accommodate).

Nowhere in Ms. Henry's Brief does she contend that her call with Mr. Applegate and Ms. Blankenship is what triggered SOMC's obligation to offer her alternative testing. See Appellee Brief at p. 36, misrepresenting the briefing. Rather, Ms. Henry contends under relevant Sixth Circuit law that SOMC's obligation to reasonably attempt accommodation was triggered by her written

13

request for the same. See Appellant Brief at pp. 19-24. Ms. Henry's written request identified the issue was inserting the swab into her nasal passage. SOMC's duty to attempt reasonable accommodation was triggered on receipt of that notice.

The jury is tasked with determining what constitutes a reasonable attempt to accommodate under the circumstances. One would presume, at minimum here, that Ms. Henry should have been asked whether she would accept a different type of test. In *DeVore v. Univ. of Kentucky Bd. of Trustees*, 118 F.4th 839 (6th Cir. 2024), the employer offered alternative tests, but the employee refused. Here, neither Mr. Applegate nor Ms. Blankenship raised the simple question to Ms. Henry of whether she would accept a different type of test. Yet, Ms. Henry states she would have accepted a different test. The district court presumably even accepted that Ms. Henry would have taken a saliva test. Yet, SOMC never raised the issue of alternative testing. It cannot be said that SOMC fulfilled its duty to reasonably attempt accommodation, but this question remains for the jury.

In its Appellee Brief, SOMC fails to address relevant holdings of: *Robert Bosch Corp.*, supra; *Texas Hydraulics, Inc.*, supra; *E.E.O.C. v. Arlington Transit Mix, Inc.*, 957 F.2d 219 (6th Cir. 1991); and *Smith v. Pyro Mining Co.*, 827 F.2d 1081, 1088 (6th Cir.1987). Ignoring the observation of *Texas Hydraulics, Inc.*,

14

SOMC argues that Title VII should be interpreted like the ADA and that Ms.

Henry failed to fulfill certain alleged duties regarding an interactive process.[8]

Here, however, there was no interactive process. SOMC misrepresents the

record in claiming this "interactive process" was the conversation Ms. Henry had

with Ms. Bryan. Ms. Bryan testified that her conversation with Ms. Henry had

nothing to do with determining whether Ms. Henry could be accommodated and

was for Ethics Committee review only. Bryan Dep., R. 21-12, at p. 20, Page ID #

546. Ms. Bryan admitted she has no knowledge if SOMC offered other tests as she

is "not involved in that." Bryan Dep., R. 21-1, p. 46, Page ID # 572. Ms. Bryan

was not engaging in the interactive process as SOMC suggests since in the ADA

context the interactive process is to "identify the precise limitations resulting from

the disability and potential reasonable accommodations that could overcome those

---

[8]     SOMC cites *Kizer v. St. Jude Children's Rsch. Hosp.*, No. 24-5207, 2024
WL 4816856, at *3 (6th Cir. Nov. 18, 2024) for the proposition that there is
no requirement for an interactive process under Title VII or regulations
thereof. However, this Court in *Kizer* referenced the EEOC *Compliance
Manual on Religious Discrimination* § 12-IV(A)(2) (2021), stating "Once
the employer becomes aware of the employee's religious conflict, the
employer should obtain promptly whatever additional information is needed
to determine whether a reasonable accommodation is available without
posing an undue hardship on the operation of the employer's business."
Since Ms. Henry's written request clearly identifies an issue with
nasopharyngeal testing, SOMC would not have been within its right to deny
her request outright as SOMC's assertion on this point again rests on the
false premise that Ms. Henry objected to all testing. See Appellee Brief at p.
40.

limitations." 29 C.F.R. § 1630.2(o)(3). Nor was Ms. Bryan's call in furtherance of SOMC's duty to accommodate.

Neither Mr. Applegate nor Ms. Blankenship attempted to determine the precise limitations of Ms. Henry's beliefs or potential reasonable accommodations that could be offered. Both admit they withheld information on alternative testing that SOMC had the ability to validate in-house. Both Mr. Applegate and Ms. Blankenship admitted they did not consider alternative testing allegedly because Ms. Henry did not ask about it. Applegate Aff., R. 21-7, at ¶ 27, Page ID # 434; Blankenship Aff., R. 21-3, at ¶ 52, Page ID # 258. Though Ms. Henry recalls asking about alternative testing, it is not Ms. Henry's duty to suggest accommodations. See *E.E.O.C. v. Robert Bosch Corp.*, 169 F. App'x 942, 944 (6th Cir. 2006); *E.E.O.C. v. Texas Hydraulics, Inc.*, 583 F. Supp. 2d 904, 909 (E.D. Tenn. 2008). SOMC failed its duty to reasonably attempt accommodation.

The record shows SOMC failed its obligation to accommodate Ms. Henry. SOMC's duty to accommodate was triggered by Ms. Henry's requests for accommodation. SOMC fails to address its obligations to accommodate under relevant Sixth Circuit law and instead pivots to place the blame on Ms. Henry under the ADA. This position is untenable and, in its ignorance of relevant law, SOMC tacitly admits it did not fulfill its obligations under Title VII as recognized by this Circuit.

16

SOMC made no attempt to accommodate Ms. Henry's testing objection. SOMC points to no attempt. Even if SOMC truly analyzed Ms. Henry's request to the extent it claims, mere analysis of a request for accommodation is not an attempt to accommodate, especially when that analysis is only for Ethics Committee review and does not even bear on whether accommodation can be offered. SOMC offers no evidence it ever attempted to accommodate Ms. Henry's testing objection. For this reason, this case should be remanded for further proceedings.

### D. The district court erred in finding Ms. Henry's Affidavit was an attempt to create a sham issue of fact.

Ms. Henry also argued that the district court committed error in finding she attempted to create a sham issue of fact through her Affidavit, which apparently led the district court to disregard her Affidavit. The district court concluded this by misinterpreting the questioning at Ms. Henry's deposition. During this questioning SOMC inquired as to whether Ms. Henry asked Mr. Applegate and Ms. Blankenship about saliva testing or about specific other forms of testing, but not whether she asked about the general availability of alternative tests. See Appellant Brief at pp. 35-37. SOMC now argues in favor of the district court's conclusion, but SOMC forgets that it presented the relevant part of Ms. Henry's deposition very differently in its motion for summary judgment, in which SOMC stated:

However, Henry never requested saliva testing and has no memory to the contrary:

17

> A: . . . I was willing to spit in a – like, there's a type that you can spit in a cup.
> Q: Did you talk to Mr. Applegate, or is that just something you knew of?
> A: That was something I knew of. I don't remember if I did ask them or not.

SOMC MSJ, R. 21-1, pp. 19-20, Page ID # 179-80. In moving for summary judgment, SOMC understood this line of questioning and Ms. Henry's responses relate to whether Ms. Henry asked specifically about saliva testing during that phone call, not whether she asked about alternative testing generally. If it can be read either way, however, then this ambiguity is appropriately resolved through Ms. Henry's affidavit, which the district court erred in ignoring on the purported basis that it attempted to create a sham issue of fact to avoid summary judgment. See *Great W. Cas. Co. v. Flandrich*, 605 F. Supp. 2d 955 (S.D. Ohio 2009).

Finally, if the jury believes that Ms. Henry asked about alternative testing generally during her call with Mr. Applegate and Ms. Blankenship, and since SOMC already admitted its failure to explore alternatives and reasonably attempt accommodation, this would drastically change the outcome of Ms. Henry's claim. Ms. Henry should be allowed to present her case to a jury. The evidence here is not so one sided as to permit summary judgment in SOMC's favor, and the district court erred in holding otherwise.

18

### E. SOMC failed to establish undue hardship.

SOMC does not argue it would have incurred undue hardship by offering Ms. Henry oropharyngeal or anterior nares tests. SOMC focuses solely on saliva testing. SOMC's purported 48-hour turnaround time for validating saliva tests offsite, i.e., the sole basis on which the district court found saliva testing would be undue hardship, rests on an admitted hypothetical and is insufficient evidence to constitute undue hardship. SOMC admits Mr. Profitt's claimed 48-hour turnaround time is hypothetical, and that SOMC did not know of or seek out any third-party vendor who would validate saliva tests off site. Thus, SOMC's argument, and the district court's conclusion, rests on speculation and is reversible for that reason.

> **i.  SOMC admits its evidence regarding the turnaround time for saliva testing, and thus the district court's conclusion, rests on a hypothetical which cannot form the basis of a finding of undue hardship.**

An employer must present evidence of undue hardship; it cannot rely on speculation. *Smith v. Pyro Min. Co.*, 827 F.2d 1081, 1086 (6th Cir. 1987), citing *Brown v. General Motors Corp.,* 601 F.2d 956, 961 (8th Cir.1979). See also *Tooley v. Martin–Marietta Corp.*, 648 F.2d 1239, 1243 (9th Cir.), cert. denied, 454 U.S. 1098, 102 S.Ct. 671, 70 L.Ed.2d 639 (1981) ("A claim of undue hardship cannot be supported by merely conceivable or hypothetical hardships.... The magnitude as well as the fact of hardship must be determined by examination of the facts of each case."); *Toledo v. Nobel-Sysco, Inc.*, 892 F.2d 1481, 1492 (10th Cir. 1989) (citing

19

*Tooley* for the same proposition); *Anderson v. Gen. Dynamics Convair Aerospace Div.*, 589 F.2d 397, 402 (9th Cir. 1978) (finding, "Undue hardship cannot be proved by assumptions nor by opinions based on hypothetical facts."). *Brown v. Polk Cnty., Iowa*, 61 F.3d 650, 655 (8th Cir. 1995) (collecting cases); *E.E.O.C. v. Alamo Rent-A-Car LLC*, 432 F. Supp. 2d 1006, 1015 (D. Ariz. 2006) (holding undue hardship based on speculation "is not a basis to establish a genuine issue of material fact.").

The district court's finding of undue hardship regarding saliva testing rested exclusively on the conclusion that it would take 48 hours to send a saliva sample offsite and receive the results. Yet, SOMC now admits it was not aware of any third-party vendors that offered offsite saliva testing and that its evidence of a 48-hour turnaround time was hypothetical. Appellee brief at pp. 48-49 (stating, Ms. Henry "challenges the sufficiency of SOMC's evidence that obtaining the results of Henry's hypothetical saliva test from the hypothetical third-party vendor would take at least 48 hours." […] "SOMC was not aware of any third-party vendor that did offer this service."). This admission should end the inquiry.

Nor can it be concluded that since it took three to seven days to receive offsite test results at the beginning of the pandemic this would still hold true nearly one and a half years later when Ms. Henry requested accommodation. This question cannot be answered because SOMC made no attempt at the time of Ms.

20

Henry's request to accommodate her. Thus, SOMC cannot offer anything more than a hypothetical, which is an insufficient basis to grant summary judgment.

Since SOMC did not determine at the time of Ms. Henry's request that offsite saliva testing could not be offered, and since the district court rested its determination of undue hardship on an admitted hypothetical situation, the district court committed reversible error.

### ii. Ms. Henry does not present new facts in her argument against the district court's undue hardship finding.

Ms. Henry's challenge to the district court's finding of undue hardship as it relates to saliva tests is appropriately presented to this Court as Ms. Henry rightfully states SOMC failed to meet its burden. SOMC bases its contrary argument on the assertion that Ms. Henry cannot present an allegedly "new fact." This argument is equally misguided, however, because the "new fact" SOMC points to (that SOMC sent all Covid tests to third parties before validating in house) is not new – it was presented by SOMC and discussed by the district court. See SOMC MSJ, R. 21-1, p. 4, Page ID # 164 (stating, "However, at the outset of the pandemic, SOMC lacked the capacity to analyze such tests internally; rather, it had to send them to a third-party lab and wait three to seven days to get the results. Blankenship Decl. at § 11; Profitt Decl., attached as Ex. 8, at §§ 3-4."); see also Opinion, R. 32, p. 14, Page ID # 727, quoting Cassity Declaration.

For these reasons Ms. Henry's challenge to the district court's finding of undue hardship as it relates to saliva tests does not rest on new facts and is appropriately before this Court.

## II.    Assignment of Error II: The District Court erred in granting summary judgment for SOMC on Ms. Henry's retaliation claim.

The district court erred in dismissing Ms. Henry's retaliation claim solely on the unsupported theory that she engaged in allegedly impermissible preemptive protected activity. The district court cites no authority for these grounds but cites only SOMC's similarly unsupported contention in its briefing. Opinion, R. 32, at p. 17, Page ID # 730. No authority states that protected oppositional activity can occur only after an employee learns adverse employment action will be taken against her.

Nor can SOMC at the same time argue for dismissal because it was merely proceeding along lines previously contemplated. SOMC relies on inapposite cases in arguing it was merely proceeding along lines previously contemplated. In *Williams v. William Beaumont Hosp.*, No. 06-12465, 2007 WL 4455023 (E.D. Mich. Dec. 14, 2007), the employee filed a complaint of discrimination only after she had been suspended due to a pending investigation about unexcused workplace absences.  In *Montell v. Diversified Clinical Servs., Inc.*, 757 F.3d 497, 507 (6th Cir. 2014), in which the Court reversed a grant of summary judgment on the employee's retaliation claim, the Court discussed proceeding along lines

previously contemplated in the context of an employee who knows he or she will be fired for poor performance or, as in the case of *Williams*, unexcused absences. In other words, this line of cases contemplates a situation where an employee uses Title VII at the last second to mount a legal challenge to being fired for other legitimate reasons. Here, however, SOMC does not challenge that Ms. Henry was terminated under its Covid-19 vaccination and/or testing policy to which she stated a religious conflict at the outset. SOMC does not allege or show Ms. Henry would be terminated for poor performance or unexcused absences, so the holdings in these cases are not presented in proper context.

SOMC presents an impossible situation – if the employee engages in oppositional practice before any adverse action is known to be in the works, it is preemptive and barred, but if the employee engages in the activity after she learns adverse action may be in the works, then the employer is merely proceeding along lines previously contemplated and similarly the action is barred. This cannot stand, and the common problem here is the district court's agreement that oppositional practice cannot occur before adverse action is taken, i.e., that "preemptive opposition" is impermissible.

SOMC fails to address any case cited by Ms. Henry supporting her argument for overturning the district court. Nor does SOMC argue there is insufficient evidence of retaliation other than temporal proximity. SOMC does not challenge

Ms. Henry's assertion that SOMC's failure to reasonably attempt to accommodate Ms. Henry is sufficient grounds to state a claim of retaliation after Ms. Henry criticized SOMC for violating anti-discrimination laws. Thus, SOMC has done nothing to justify the district court's holding.

SOMC admits that Ms. Henry's September 14, 2021 letter was protected activity. See Appellee Brief at p. 53 (stating, "Rather, Henry shifts her focus to a different protected activity: 'the district court ignores the fact that Ms. Henry's September 14, 2021 letter was sent after her call with Mr. Applegate and Ms. Blankenship, when she believed that her accommodation request would be denied.'"). SOMC does not challenge that Ms. Henry's September 14, 2021 letter was sent after her call with Mr. Applegate and Ms. Blankenship. Yet SOMC urges the Court to believe that Ms. Henry's opposition to SOMC's illegal practice cannot be protected activity. SOMC thus argues the letter Ms. Henry sent before she believed her request would be denied is preemptive opposition which is not actionable, and the letter she sent after she believed her request would be denied, though protected, is not actionable because SOMC already decided her request would be denied – a clear Catch 22 situation.

The district court committed reversible error in holding Ms. Henry's retaliation claim cannot survive solely on the basis that she alleged some kind of impermissible "preemptive protected activity," and committed factual error on this

24

point by failing to consider that the September 14, 2021 letter was sent after Ms. Henry believe she would be terminated. For these reasons the district court's decision should be reversed, and this case remanded for further proceedings.

### III.    Conclusion

SOMC does not argue that offering oropharyngeal or anterior nares tests to Ms. Henry would have created an undue hardship. Avoiding this issue, the district court simply disbelieved Ms. Henry, or improperly weighed the evidence against Ms. Henry. Further, there is no legitimate challenge to Ms. Henry's religious beliefs, nor can Ms. Henry be blamed for SOMC's failure to inquire as to reasonable accommodations she would accept. Further still, SOMC did not sufficiently prove that validating saliva tests offsite would have constituted an undue hardship, admitting that the fact relied on by the district court in reaching this conclusion, a 48-hour turnaround time, was purely hypothetical. Finally, the district court erred in dismissing Ms. Henry's retaliation claim under the unsupported theory that oppositional practice cannot precede adverse employment action.

The district court erred in granting summary judgment in SOMC's favor, and for these reasons the decision should be reversed and this case remanded for further proceedings.

25

Respectfully submitted,

/s/ Warner Mendenhall
Warner Mendenhall (0070165)
Brian Unger (0096884)
MENDENHALL LAW GROUP
190 North Union Street, Suite 201
Akron, Ohio 44304
(330) 535-9160
warner@warnermendenhall.com
brian@warnermendenhall.com

*Attorneys for Plaintiff-Appellant*
*Christina Henry*

26

## CERTIFICATE OF COMPLIANCE

I certify this brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 6,220 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

/s/ Warner Mendenhall
Warner Mendenhall (0070165)
Attorney for Plaintiff-Appellant

## CERTIFICATE OF SERVICE

I, Warner Mendenhall, counsel for Plaintiff-Appellant and a member of the Bar of this court, certify that, on March 19, 2025, a copy of the Reply Brief of Plaintiff-Appellant was filed electronically through the appellate CM/ECF system with the Clerk of the Court. I further certify that all parties required to be served have been served.

/s/ Warner Mendenhall
Warner Mendenhall (0070165)
Attorney for Plaintiff-Appellant